UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| QUANG PHAN, | CASE NO. C19-0180JLR |
| Plaintiff, | ORDER GRANTING THE PLAINTIFF'S UNOPPOSED MOTION TO AMEND THE COMPLAINT |
| v. | |
| SPRINT COMMUNICATIONS CO., LP, | |
| Defendant. | |

## I.   INTRODUCTION

Before the court is Plaintiff Quang Phan's unopposed motion to amend his complaint. (Mot. to Amend (Dkt. # 39).) The court has reviewed the motion, the relevant portions of the record, and the applicable law. Being fully advised, the court GRANTS Mr. Phan's motion. Further, the court ORDERS Mr. Phan to file his first amended complaint (*see* Prop. FAC (Dkt. # 39-4)) on the court's electronic docket within seven (7) days of the filing date of this order.

## II. BACKGROUND

On or about January 18, 2019, Mr. Phan served his original complaint on Defendant Sprint Communications Co., LP ("Sprint"). (Not. of Removal (Dkt. # 1) at 1.) On February 6, 2019, Sprint removed the action from King County Superior Court to this court. (*See id.*) Mr. Phan's original complaint alleges violations of the Fair Debt Collection Practices ACT ("FDCPA"), the Washington Consumer Protection Act ("CPA"), and the Fair Credit Reporting Act ("FCRA") against a variety of Defendants. (*See* Compl. (Dkt. # 1-2).) On April 10, 2019, the court issued a scheduling order, which set an amended pleadings deadline on February 5, 2020. (Sched. Order (Dkt. # 30) at 1.)

Presently, Defendant Diversified Consultants, Inc. ("DCI") is the sole remaining defendant in this case. (*See* Dkt.) On October 9, 2019, Mr. Phan moved to amend his complaint to add a claim based on 15 U.S.C. § 1681s-2(b). (*See* Mot. to Amend.) Mr. Phan asserts that a document, known as the Automated Consumer Dispute Verification ("ACDV") form, which now-dismissed Defendant Experian Information Solutions, Inc. ("Experian") produced, provides a basis for Mr. Phan to allege a new claim against DCI under 15 U.S.C. § 1681s-2(b). (*See id.* at 2; Hutchinson Decl. (Dkt. ## 39-1, 39-2) ¶ 3, Ex. A.) No party filed an opposition to Mr. Phan's motion. (*See generally* Dkt.) The court now considers Mr. Phan's motion.

## III. ANALYSIS

When the court's deadline for filing amended pleadings has not passed, the proper standard for considering a motion to amend a complaint is provided by Federal Rule of Civil Procedure 15(a). *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08

(9th Cir. 1992)).  Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).

In this case, Mr. Phan has not previously amended his complaint.  (*See generally* Dkt.)  The proposed amended complaint adds only one new claim (*see* Prop. FAC at 12-13), and the litigation is still in its early stages.  The discovery cutoff is not until April 6, 2020.  (Sched. Order at 1.)  Thus, the parties have sufficient time to conduct discovery on the alleged new claim without any undue adverse impacts on either them or the court's schedule.

Finally, the court's local rules provide that "[e]xcept for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."  Local Rules W.D. Wash. LCR 7(b)(2).  Here, DCI failed to file any opposition to Mr. Phan's motion (*see generally* Dkt.), and accordingly, the court considers this failure as DCI's admission that Mr. Phan's motion has merit.  For these reasons, the court grants Mr. Phan's motion to amend his complaint.

## IV.   CONCLUSION

Based on the foregoing analysis, the court GRANTS Mr. Phan's motion to amend his complaint (Dkt. # 39).  The court further ORDERS Mr. Phan to file his first amended

//

//

//

//

complaint (*see* Dkt. # 39-4) on the court's electronic docket within seven (7) days of the filing date of this order.

Dated this 31st day of October, 2019.

_____
JAMES L. ROBART
United States District Judge